Filed 12/29/23  P. v. Hyce CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098389 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE022561) |
| v. | |
| RAUL ALAN HYCE, | |
| Defendant and Appellant. | |

Defendant Raul Alan Hyce appeals from the judgment rendered after his resentencing.  His appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having done so, we affirm.

1

## FACTUAL AND PROCEDURAL HISTORY

A jury found defendant guilty of vehicular manslaughter and failing to stop at the scene of an accident that resulted in death. The trial court sentenced him to seven years in prison, constituting the six-year upper term sentence for vehicular manslaughter plus a consecutive one-year sentence for failing to stop at the scene. Defendant appealed, and this court remanded for resentencing in accordance with new sentencing laws enacted after defendant was sentenced. (*People v. Hyce* (Nov. 28, 2022, C092322) [nonpub. opn.].)

At the resentencing hearing, the People contended the trial court could consider four aggravating circumstances: (1) defendant's callousness, which was "incorporated in the jury's guilty verdicts"; (2) defendant's numerous prior convictions and sustained petitions in juvenile justice proceedings; (3) defendant's prior prison term; and (4) defendant's probationary status at the time he committed the offenses. Based on these aggravating circumstances and the absence of mitigating circumstances, the People argued the court should again impose the upper term sentence for vehicular manslaughter. The People also provided a certified copy of a record of defendant's arrests and prosecutions from the California Law Enforcement Telecommunications System.

Defendant contended the trial court should impose the lower term sentence because the People had not pleaded any of the aggravating circumstances or proven any to the jury beyond a reasonable doubt. Defendant also contended Penal Code section 1170, subdivision (b)(6) applied to make a lower term sentence presumptive. Finally, defendant argued he had been a model prisoner and parolee, had completed a drug and alcohol rehabilitation program, and had obtained a high school equivalency certificate, all of which should serve as mitigating circumstances.

The trial court denied probation based on defendant's prior convictions, poor performance on probation, refusal to accept responsibility for causing the victim's death, and lack of remorse. Instead, the court again imposed the upper term prison sentence for vehicular manslaughter. The court relied on only one aggravating circumstance, defendant's numerous prior convictions and juvenile adjudications. The court found defendant's prior convictions true beyond a reasonable doubt based on the certified record of defendant's criminal history. The court also imposed a one-year consecutive prison sentence for failing to stop at the scene, for a total prison sentence of seven years. Finally, the court found Penal Code section 1170, subdivision (b)(6) did not apply because defendant had not presented any evidence of any of the contributing factors required.

Defendant timely appealed from the judgment.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having reviewed the record, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we will affirm.

## DISPOSITION

The judgment is affirmed.

      /s/             
_____
Duarte, J.

We concur:

    /s/         
_____
Robie, Acting P. J.

    /s/         
_____
Boulware Eurie, J.